NOTE—For a fuller statement of the facts in issue see the Cincinnati Superior Court opinion in 3 Abs. 301.

---

## No. 332

### CLEVELAND RY. CO. v. WILLIAMS

No. 19660. Supreme Court

On motion to certify. Dock. March 3, 1926; 4 Abs. 176.

**677. JUDGMENTS—From what date does a judgment for personal injuries bear interest?**

It appears that on the 25th day of August, 1917, A. Denison Williams instituted a suit for personal injuries against The Cleveland Railway Company in the Cuyahoga Common Pleas. Upon trial had of said case, a verdict was rendered in plaintiff's favor on the 30th day of April, 1918, at the term of court which began on April 1st of that year, in the sum of $15,000.

Subsequent to an affirmance by the Court of Appeals of the judgment of the lower court the Company paid to Williams $15,000, together with interest thereon from April 30, 1918, the date on which verdict was rendered, to the date of payment, but refused to pay interest upon said sum from April 1st, 1918, the first day of the term of Court in which said verdict was obtained, to the 30th day of April, 1918, the date of the return of said verdict.

Thereafter a statement of claim was filed in the Cleveland Municipal Court on January 26, 1919, by the plaintiff in the foregoing action against defendant therein, for the amount of the interest upon $15,000 from April 1st, 1918 to April 30, 1918. From a judgment in favor of Williams for the amount of interest prayed for, error was prosecuted to the Court of Appeals, which court affirmed the judgment of the Municipal Court.

The Company, in the Supreme Court, contends that the correct interpretation of 8305 GC. is that it provides that a judgment in a suit for personal injuries shall bear interest at 6% per annum from the time that it becomes due and payable.

Attorneys—Squire, Sanders & Dempsey for Company; Howell, Roberts & Duncan for Williams; all of Cleveland.

---

## No. 333

### BOWMAN v. LEMON

No. 19666. Supreme Court

On motion to certify; Dock. Mar. 5, 1926; 4 Abs. 176.

**101. ASSAULT AND BATTERY—What evidence is necessary under 11229 GC. in an action for assault and battery to abrogate the operation of 11225 GC.?**

This case arose in the Hamilton Common Pleas, in which William Bowman claimed from William Lemon, damages as the result of a murderous and unprovoked assault and battery. The amended petition alleged that on the 6th day of December, 1920, defendant rob-

bed plaintiff and struck him about the head repeatedly with a hammer fracturing his skull and necessitating the removal of bones therefrom. The original petition was filed on the 26th day of June, 1922, and the summons issued the same day, more than one year and seven months after plaintiff was injured, and was demurred to by the defendant for the reason that the action was not brought within one year from the time that the cause of action accrued, the limitation fixed by 11225 GC.

This demurrer was sustained and plaintiff filed his amended petition setting up the same facts and in addition thereto that as a result of the injuries sustained by him he was of unsound mind for more than one year after he was injured, bringing said case within the saving clause of 11229 GC. To this petition defendant also demurred which demurrer was overruled.

At the conclusion of the evidence offered by plaintiff, defendant filed his motion for an instructed verdict on the sole ground that plaintiff had offered no evidence on the question as to the unsoundness of plaintiff's mind, which motion was granted by the Court, to which ruling plaintiff excepted.

Many witnesses testified that Bowman was of unsound mind. The judgment of the Common Pleas was affirmed by the Appeals.

Bowman, in the Supreme Court, contends that the court erred in directing a verdict because the evidence proved that Bowman was of unsound mind for 18 months after the injury.

Attorneys—M. L. Hamilton, for Bowman; Miller & Elston, for Lemon; all of Cincinnati.